# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KANSAS PENN GAMING, LLC,      )
                       )
         Plaintiff,      )
v.                           )      Case No. 08-4111-RDR
                       )
HV PROPERTIES OF KANSAS, LLC,    )
                       )
         Defendant.      )

_____

HV PROPERTIES OF KANSAS, LLC,    )
                       )
         Plaintiff,      )
v.                           )      Case No. 08-4115-RDR
                       )
PENN NATIONAL GAMING, INC.,     )
                       )
         Defendant.      )

## MEMORANDUM AND ORDER

This matter comes before the court upon HV Properties of Kansas, LLC's Motion to Compel Discovery of Documents Claimed to be Privileged (Doc. 73). Kansas Penn Gaming and Penn National Gaming (collectively "Penn") have filed a response in opposition to the motion, and HV Properties of Kansas, LLC ("HV Properties") has declined to file a reply brief. For reasons explained more fully below, the motion is denied.

### I.     Procedural Requirement to Confer

Before considering the merits of HV Properties' motion to compel, the court must determine whether HV Properties has complied with the requirements of the Federal Rules of Civil Procedure and this district's local rules regarding the movant's duty to confer with opposing counsel prior to filing a motion to compel. Fed. R. Civ. P. 37(a)(1) provides that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or

party failing to make disclosure or discovery in an effort to obtain it without court action." This district's local rules expand on the movant's duty to confer, stating "[a] 'reasonable effort' to confer means more than mailing or faxing a letter to the opposing party."[1] It requires the parties in good faith to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[2] The rule also requires the movant to "describe with particularity the steps taken by all counsel to resolve the dispute" so that the court can evaluate whether the movant made a reasonable effort to confer.[3] When determining whether the moving party has satisfied the duty to confer, the court looks beyond the sheer quantity of contacts.[4] It examines their quality as well:

> When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery. The parties need to address and discuss the propriety of asserted objections. They must deliberate, confer, converse, compare views, or consult with a view to resolve the dispute without judicial intervention. They must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[5]

In this case, the court lacks sufficient information to evaluate the quality of contacts because HV Properties has failed to describe with particularity the steps taken to resolve the dispute. The motion states that the parties exchanged three letters and engaged in at least one conference on the

---

[1] D. Kan. 37.2

[2] *Id.*

[3] *See id.*

[4] *Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[5] *Id.*

subject. HV Properties has not attached the correspondence, and the brief description provided in the motion is insufficient to enable the court to evaluate whether HV Properties has satisfied the conference requirement. Nevertheless, the court is prepared to consider the merits of the motion to compel because the motion should be denied for other reasons.

## II.    Background

The facts giving rise to these consolidated actions are well known to the parties and the court. The claims and counterclaims arise from a contract between the parties for the sale of certain parcels of land in Cherokee County, Kansas. Penn sought to create a destination lottery gaming facility (a casino) but eventually decided not to move forward with the project. HV Properties contends Penn breached the contract and is liable for the remaining balance under the contract. Penn seeks judgment declaring that it properly exercised its contractual right to terminate the contract and has no liability to make future payments to HV Properties.

HV Properties' motion seeks an order compelling Penn to produce documents withheld on the basis of the attorney-client privilege. The documents are divided into three categories. The first category consists of documents prepared by or sent to Thomas Auriemma, Penn's vice president/chief compliance officer. Mr. Auriemma holds a law degree but apparently is not licensed to practice law in the state where Penn's corporate office and his office are located. The second category consists of documents prepared by or sent to David Cooper, an attorney who represented Cherokee County with respect to gaming matters. Mr. Cooper also represents the Board of County Commissioners of the County of Cherokee, Kansas in its state court suit against Penn. The third category consists of documents prepared by or sent to Carl Sottosanti, the vice president and deputy general counsel of Penn National Gaming. Penn contends it shared an attorney-client relationship

with these three individuals. HV Properties contends Penn shared an attorney-client relationship

only with Mr. Sottosanti but that some of the documents prepared by or sent to Mr. Sottosanti are

not privileged because they appear to include communications wherein Mr. Sottosanti was

participating or being informed of business decisions, not providing legal advice.

### III.     Motion to Compel

Fed. R. Civ. P. 26(b)(1) provides that litigants may "obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense . . . " The rule goes on to state

that "[r]elevant information need not be admissible at trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." "Relevancy is broadly construed, and

a request for discovery should be considered relevant if there is 'any possibility' that the information

sought may be relevant to the claim or defense of any party."[6] Because the Federal Rules of Civil

Procedure allow the court to compel production of relevant discovery, the court must satisfy itself

of relevance, as a threshold matter, before deciding whether the discovery sought is limited by

properly supported objections.[7]

Most opinions from this district addressing relevancy have done so in the context of

---

[6] *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) (citing *Owens v. Sprint/United Mgmt. Co.*, 221 F.R.D. 649, 652 (D. Kan. 2004) and *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001)).

[7] *See Williams v. Board of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000) ("A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence. When the relevancy of propounded discovery is not apparent, however, its proponent has the burden to show the discovery is relevant."); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB, 2007 WL 950282, at *1 (D. Kan. Mar. 26, 2007) ("All parties initially dispute who has the burden of persuasion in the following matters. Discovery requests must be relevant on their face. Once the low burden of relevance is established, however, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.") (internal citations omitted); *Apsley v. Boeing Co.*, No. 05-1368-MLB, 2007 WL 163201, at *2 (D. Kan. Jan. 18, 2007) ("Once the threshold question of relevance has been satisfied, the analysis proceeds to whether the requested information is privileged or otherwise limited by the considerations set out in Rule 26(b)(2)(I), (ii), or (iii).").

relevancy objections, presumably because the discovery requests often appear facially relevant to the court and therefore are not discussed in detail unless the party resisting discovery asserts a relevancy objection.[8] In the context of addressing objections based on relevancy, it is well settled that "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden, however, to show the discovery relevant."[9] This proposition holds true when deciding a motion to compel involving objections other than relevancy because Rule 26(b) limits the scope of discovery to relevant matters. As the late Magistrate Judge Reid noted, "though the scope of discovery is broad, it is not unlimited."[10] Therefore, if the party seeking discovery "has failed to specify how the information is relevant, and the court cannot determine how the information sought is relevant, a court will not require [the party resisting discovery] to produce the information."[11]

In this case, the court cannot determine that the documents HV Properties seeks are relevant. HV Properties' motion focuses on Penn's attorney-client privilege objection but fails to specify how these documents are relevant to this litigation. Had HV Properties attached a copy of the requests for production at issue—as this district's local rules require[12]—the court would have some basis for determining whether the discovery HV Properties seeks appears facially relevant. Indeed, Penn even notes the failure in its response brief: "HV Properties has not even attempted in its motion to

---

[8] *See, e.g., Heartland*, 2007 WL 950282, at *1 ("Unless noted and discussed otherwise, the Court generally finds the discovery propounded by Heartland to be relevant on its face, thereby shifting the burden of persuasion to support their discovery objections to Defendants.").

[9] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 657 (D. Kan. 1999) (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

[10] *Gheesling v. Carter*, 162 F.R.D. 649, 650 (D. Kan. 1995).

[11] *Id.* (citing *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 139 (W. D. Okla. 1977)).

[12] *See* D. Kan. R. 37.2.

demonstrate the relevance to this case of any of the privileged documents it seeks."[13]  Yet, HV

Properties declined to file a reply brief addressing this argument.  As HV Properties has advanced

no argument as to how this discovery is relevant and has failed to attach its discovery requests, the

court cannot satisfy itself that these documents are relevant to the claims or defenses in these actions

and therefore denies HV Properties' motion to compel production of these documents.

Alternatively, HV Properties requests the court conduct an *in camera* review of the

documents in the event the court declines to compel full production.  Under these circumstances,

the court also denies this request.  HV Properties has sought production of numerous documents

without attempting to explain how these documents relate to this litigation.  The court will not

expend judicial resources combing through documents in an attempt to satisfy itself of relevancy

when HV Properties failed to do this in the first instance.  For these reasons, HV Properties' motion

is denied.

As a side note, it appears the motion to compel may be untimely.  D. Kan. R. 37.1(b)

provides that a motion to compel "shall be filed and served within 30 days of the default or service

of the response, answer or objection which is the subject of the motion, unless the time for filing of

such motion is extended for good cause shown."  The rule goes on to state that failure to timely file

a motion to compel means the party seeking discovery waives its objection to the opposing party's

default, response, answer, or objection.  Judges in this district have consistently found that the

beginning of the thirty-day period is triggered "when specific information first leading to the dispute

---

[13] Penn's Response to HV Properties' Motion to Compel Production of Documents Withheld Under Claim of Privilege (Doc. 80) at 3.

is discovered."[14]  The likely triggering event in this instance would be receipt of Penn's responses

and objections to the requests for production.  The court would assume Penn asserted the attorney-

client privilege objection in its responses because if it had not, it would have waived this objection,

and the briefing on the motion to compel would likely center around different arguments.

The docket shows Penn served its responses to HV Properties' first requests for production

on April 13, 2009, making a motion to compel these responses due by May 13, 2009.  The docket

also shows Penn served its responses to HV Properties' second requests for production on August

3, 2009, making a motion to compel these responses due by September 2, 2009.  HV Properties filed

the motion to compel on September 2, 2009.  However, HV Properties states it sent a "Golden Rule"

letter to opposing counsel on July 29, 2009, which would suggest the present discovery dispute

involves HV Properties' first requests for production because Penn had not yet responded to the

second requests at the time HV Properties sent the Golden Rule letter.  Therefore, it appears the

instant motion to compel was filed more than three-and-a-half months out of time.

Judges in this district have occasionally allowed untimely motions to compel when the

existence of information or documents is not known until after the deadline,[15] or when the moving

party has relied upon the opposing party's false assurances of compliance.[16]  There is no information

suggesting that HV Properties did not know about the documents or that Penn promised it would

---

[14] *See, e.g., Continental Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008); *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06-2318-JWL, 2007 WL 3353401, at *2 (D. Kan. Nov. 10, 2007); *Greer v. Cox*, No. 01-2583-JAR, 2003 WL 21254731, at *1-2 (D. Kan. May 21, 2003); *Haggard v. Standard Register Co.*, No. 01-2513-CM, 2003 WL 365955, at *2 (D. Kan. Jan. 21, 2003).

[15] *See, e.g., Haggard*, 2003 WL 365955, at *2 (allowing a motion to compel when the moving party had no basis for knowing responsive information was not provided in the opposing party's responses to an interrogatory).

[16] *See, e.g., Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (excusing the untimely filing of a motion to compel based on a showing that the parties' mutual efforts to resolve the discovery dispute continued after the thirty-day deadline to file the motion to compel).

turn over the documents. Based on HV Properties' motion, it appears the first time it sought to confer with Penn about the discovery dispute was in late July, about two-and-a-half months after the deadline for HV Properties to file a motion to compel responses to these requests for production. Moreover, it appears Penn was always clear that it would not turn over these allegedly privileged documents. In summation, HV Properties' motion is denied because the court lacks sufficient information to determine whether the discovery HV Properties seeks is relevant. HV Properties' failure to fully comply with this district's local rules also supports denial of the motion.

## IV. Expenses

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." An award of expenses and fees under Rule 37(a)(5) is mandatory unless certain exceptions apply.[17] For example, the court must not award expenses and attorney fees "if the motion was substantially justified or other circumstances make an award of expenses unjust."[18] The court finds other circumstances make an award of expenses unjust. The court agrees with Penn that HV Properties' motion does little more than raise the issue of production of numerous documents. Nevertheless, denial of the motion to compel is not based on any finding that Penn has established the existence of the attorney-client privilege, nor is it based on any arguments advanced by Penn. For these reasons, the court declines to award expenses.

Accordingly,

---

[17] *Hoffman v. United Parcel Svs., Inc.*, 206 F.R.D. 506, 507 (D. Kan. 2002).

[18] Fed. R. Civ. P. 37(a)(5)(B).

**IT IS THEREFORE ORDERED** that HV Properties' of Kansas, LLC's Motion to Compel Discovery of Documents Claimed to be Privileged (Doc. 73) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 24th day of November, 2009, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
